RICHARD LUPTON, Appellant, v. CHARLES B. LUPTON, GEORGE D. LOBATER, L. CUNNINGHAM, and M. BRUMAGIM, Respondents.

To entitle the plaintiff to subject the assets of an absent debtor to the payment of his claim, he must show that he is without a remedy at law.

If the bill discloses such remedy at law, it will be dismissed upon demurrer.

APPEAL from the Tenth Judicial District.

The complainant alleges that he did work and labor for defendants, as partners, under the firm of Lupton and Lobater, from 10th March, 1850, until 1st February, 1851, at $100 per month, amounting to $      , which is due from said Lupton and Lobater.

And in another count, claims $2000 for work and labor done for defendants, &c., who have not paid, &c.

That about the 1st March, 1851, Lupton and Lobater dissolved partnership, having at that time a large amount of debts, of a doubtful character, due to them from various houses; that Lupton gave to the said Lobater, his three notes, due at eight, twelve, and sixteen months from said 1st March, the first two for $450 cash, and the last for $400, on settlement of the partnership accounts, which are to be paid from collections to be made of the debts due to the said firm; and that Lobater, shortly after obtaining the notes, went to the City of New York, where he now resides. That before Lobater left, he appointed Cunningham and Brumagim his attorneys, and left with them the three promissory notes for collection, given by Lupton to Lobater, which are still in their hands and have not been paid by said Lupton. That said notes constituted the whole of the property

of said Lobater in the State of California, and are payable to said Lobater.   And plaintiff avers that he is the principal owner of the same, and prays that said Lupton, Lobater, Cunningham, and Brumagim, be made defendants to this complaint, and answer the same; that notice be published as to Lobater; the amount due to the complainant ascertained; and that any amount found due to the said Lobater on said notes, may be appropriated according to equity in discharge of the amount found due to complainant, and that all the amount due to him may be paid out of the funds and property of said Lupton and Lobater, and for further relief, &c.

The defendants, Cunningham and Brumagim, demur to the complaint,—

1st. Because no judgment was had on plaintiff's claim, and no attachment had issued thereon against the property of Lupton and Lobater, or Lobater alone.

2d. Because the action appears, on the face of the complaint, to be brought to recover, as well a claim arising on contract, as to specific personal property.

3d. Because the facts set forth do not constitute a cause of action.

The demurrer was sustained by the District Court, and the plaintiff appealed.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

This was a bill in equity, to subject the assets of an absent debtor to the payment of the plaintiff's claim.

To entitle the plaintiff to this remedy, he must show that he is without a remedy at law.   Instead of doing this, the bill discloses that he has a perfect remedy at common law against the co-defendant Lupton, the joint debtor of Lobater.

The demurrer was therefore well taken, and the judgment of the court below affirmed.